**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HENRY PACE, et al., | : | CIVIL ACTION NO. 07-3882 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**COOPER, District Judge**

Plaintiffs, Henry Pace and Kathleen Pace, commenced this action against defendants, the United States of America ("Government"), the United States Postal Service ("USPS"), Lotty's Cleaning Services ("LCS"), and Lotty Otarola ("Otarola"), to recover damages for injuries allegedly sustained by Henry Pace ("Pace") in a slip and fall incident at a USPS facility. (Dkt. entry no. 1., Compl.)  The Government now moves for summary judgment in its favor, or in the alternative to dismiss the complaint insofar as it asserts claims against the Government that are barred by the Federal Tort Claims Act ("FTCA").  (Dkt. entry no. 23.)  The Court will decide the motion without oral argument and on the papers pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  The Court will: (1) grant the part of the motion seeking dismissal and dismiss the complaint insofar as asserted against the Government for lack of subject matter jurisdiction; and (2) dismiss the complaint insofar as asserted

against LCS and Otarola, without prejudice, to reinstate in state court.

## BACKGROUND

The USPS entered into a contract in August 2006 for LCS to provide cleaning services at the USPS facility in Morganville, New Jersey.  The contract, in pertinent part, states:

> The supplier [LCS] by signing this form, certifies that he/she is not a postal employee. . . . The supplier agrees and acknowledges that he/she is performing this service as an independent contractor and not an employee of the Postal Service for any purpose, and that the terms of this agreement shall not be construed to create any further relationship between the parties other than an independent contractor status.
>
> . . . .
>
> [T]he Postal Service will provide reasonable quantities of cleaning equipment and supplies.  The supplier will hold harmless and indemnify the Postal Service and its officers, employees, agents and representatives, from all claims, losses, damages, actions or causes of actions resulting from the negligent acts or omissions of the supplier, his/her agents, employees or representatives.
> . . . .
>
> The supplier is responsible for all damage to persons or property . . . that occurs as a result of its omission(s) or negligence.  The supplier must take proper safety and health precautions to protect the work, the workers, the public, the environment, and the property of others.

(Dkt. entry. 23, Decl., Ex. 1.)

Plaintiffs commenced this action on August 13, 2007, alleging, <u>inter alia</u>, that Pace was injured after slipping and falling on a "wet floor surface" at the Morganville USPS facility

2

on October 3, 2006.  (Compl., at 3-5.)  Plaintiffs assert that,
at approximately 3:00 P.M. on that date, LCS mopped the floor of
the USPS lobby, "making the floor wet and slippery," and, at
approximately 4:15 P.M., Pace slipped and fell because of
defendants' negligence in allowing the floor "to remain unsafe,
dangerous and hazardous."  (Id. at 3-4.)  Plaintiffs further
assert that defendants had "actual and/or constructive knowledge
of the existence of the defective and hazardous condition."  (Id.
at 4.)[1]

The Government now moves for summary judgment in its favor,
pursuant to Rule 56(c), or in the alternative to dismiss the
complaint insofar as asserted against it, pursuant to Rule
12(b)(1), for lack of subject matter jurisdiction.  (Dkt. entry
no. 23.)  The Government argues, inter alia, that LCS is an
independent contractor, and that the Government had no control
over how LCS performed its broad day-to-day cleaning operations
at the USPS.  (Dkt. entry. no. 23, Def. Br., at 4-7.)  The
Government asserts, as such, there has been no waiver of
sovereign immunity, and the Government cannot be sued for the
negligence of its independent contractor.  (Id.)

Plaintiffs oppose the motion, arguing LCS is not an
independent contractor because the Government retained control

---

[1]  Plaintiffs exhausted the requisite administrative
remedies by filing a timely Standard Form - 95 Claim for Damage,
Injury or Death, which was denied by the USPS on January 24,
2007.  (Compl., at 3-4.)  See 28 U.S.C. § 2675(a).

over LCS's cleaning services.   (Dkt. entry no. 24, Pl. Br., at 3-6.)   Plaintiffs appear to allege, <u>inter alia</u>, that the Government's control is shown through the following factors: (1) LCS has not purchased liability insurance; (2) the USPS reserved the right to reject unsatisfactory work; (3) the USPS agreed to provide LCS with equipment and supplies to use in its services; and (4) the contract used a pre-printed form to suggest what locations, times, and days the cleaning should occur.   (<u>Id.</u>)

## DISCUSSION

### I.   Addressing Government's Motion

The Court will address the motion under Rule 12(b)(1) for lack of subject matter jurisdiction — and not Rule 56 for summary judgment — as the Government raises jurisdictional issues.   <u>See Medina v. City of Phila.</u>, 219 Fed.Appx. 169, 171-72 (3d Cir. 2007) (stating district court properly analyzed Government's motion under Rule 12(b)(1), as issues of presentment and limitations period under FTCA are jurisdictional); <u>Norman v. United States</u>, 111 F.3d 356, 357 (3d Cir. 1997) (affirming judgment analyzing motion for relief under FTCA due to tortfeasor's independent contractor status under Rule 12(b)(1), as it concerned subject matter jurisdiction);[2] <u>Smith v. Steffens</u>, 429 F.Supp.2d 719, 720-

---

[2]   The <u>Norman</u> district court stated that although the Government sought relief under Rule 56, "the proper practice is to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) for purposes of the FTCA."   No. 95-4111, 1996 WL 377136, at *1 n.3 (E.D. Pa. July 3, 1996).

4

21 (E.D. Pa. 2006) (addressing motion for relief under FTCA due
to independent contractor status under Rule 12(b)(1)); see also
Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996) (affirming
order analyzing motion under Rule 12(b)(1), as "[w]here the
challenged conduct in an FTCA action was performed by an
independent contractor, the district court must dismiss the
action for want of subject matter jurisdiction"); Tsosie v.
United States, 452 F.3d 1161, 1163 (10th Cir. 2006) (same).

The Court may look beyond the pleadings in deciding the
Government's motion to dismiss based on lack of jurisdiction
under the FTCA.  See Medina, 219 Fed.Appx. at 172; Cestonaro v.
United States, 211 F.3d 749, 752 (3d Cir. 2000).

## II.  Independent Contractor Analysis

A plaintiff is precluded from bringing an action against the
government to recover damages for the negligent conduct of an
independent contractor or the contractor's employees.  United
States v. Orleans, 425 U.S. 807, 814 (1976); Logue v. United
States, 412 U.S. 521, 528 (1973); Norman, 111 F.3d at 357; see 28
U.S.C. § 1346(b)(1) (stating government only liable for personal
injury caused by negligence of government employee while acting
within scope of office or employment); 28 U.S.C. § 2671 (excluding
contractor from definition of government employee).

The pivotal factor used to distinguish a federal employee
from an independent contractor is "whether the government has the

5

power to control the detailed physical performance of the contractor." Orleans, 425 U.S. at 814.  Control is determined by the level of physical supervision or direction the federal government exerts over the day-to-day operations of the contractor.  Id. at 815; Norman, 111 F.3d at 357.  The contract need not expressly state that the government will refrain from exercising supervision for an independent contractor relationship to exist.  Young v. United States, No. 01-5484, 02-3611, 2003 U.S. Dist. LEXIS 1341, at *16 (E.D. Pa. Jan. 8, 2003).  Many factors may be considered by the Court in defining the employment relationship.  See, e.g., Ryan v. United States, 233 F.Supp.2d 668, 676-77 (D.N.J. 2002); Dugan v. Coastal Indus., 96 F.Supp.2d 481, 484-85 (E.D. Pa. 2000); Norman, 1996 WL 377136, at *7-*10; see also Linkous v. United States, 142 F.3d 271, 276 (5th Cir. 1998) (listing different factors that should be considered when making an employment determination).

The USPS, here, had no power "to control the detailed physical performance" of LCS.  Norman, 111 F.3d at 357.  The contract defines LCS as "an independent contractor and not an employee."  (Decl., Ex. 1.)  The contract also states LCS must take "proper safety and health precautions to protect the work, the workers, the public, the environment, and the property of others," placing responsibility for safety precautions in relation to the cleaning services on LCS, not the USPS.  (Id.)

6

See Young, 2003 U.S. Dist. LEXIS 1341, at *18 (finding "the most significant contract provision[s]" in the independent contractor analysis to be those that placed responsibility for safety on the contractor); cf. Dugan, 96 F.Supp.2d at 484-85 (finding no independent contractor relationship because, inter alia, the Government had not delegated duty to inspect for "wet spots").[3]

Additional evidence also suggests LCS, a cleaning service with no other connection to the postal business, is an independent contractor.  The contract between USPS and LCS provides LCS will indemnify the USPS from causes of actions relating to LCS's negligence.  (Decl., Ex. 1.)  It also delegates responsibility to LCS for all damages occurring as a result of LCS's negligence. (Id.)  Moreover, a supervisor at the Morganville USPS facility affirmed that "LCS was given broad responsibilities for daily cleaning maintenance, without any supervision by any employee of the USPS."  (Id. at 3.)

Plaintiffs argue LCS is not an independent contractor because the Government retained control over the cleaning service.  (Pl. Br., at 3-5.)  Plaintiffs claim the Government's failure to require LCS to obtain liability insurance, its

---

[3] Although plaintiffs note that the record does not reflect "the number of warning signs available as to the wet floor, ownership of such signs or control as to their placement," (Pl. Br., at 5), the contract amply demonstrates that LCS was responsible for the safety of the public under the circumstances presented.

reservation of a right to reject LCS's work, and the contractual provision that it would provide supplies to LCS show LCS was an employee of the USPS, rather than an independent contractor. (Id.)  Plaintiffs' contentions, however, are insufficient to overcome the overwhelming indications, contractual and otherwise, that LCS is in fact an independent contractor.

Plaintiffs' arguments merely recite factors that may be considered by the Court but are not dispositive to the determination.  Although plaintiffs claim LCS has not retained liability insurance, this factor alone does not indicate or suggest the USPS retained control over the cleaning service.  See Broussard v. United States, 989 F.2d 171, 173 (5th Cir. 1993) (considering the insurance provision along with many other factors to determine independent contractor status).[4]

The USPS's right to "reject any work it finds to be unsatisfactory," (Decl., Ex. 1), similarly does not support the contention that the Government exerted day-to-day control over the contractor's operations, but merely indicates the Government wanted to ensure performance of satisfactory services.  See

_____

[4]  Plaintiffs also argue that because LCS has not appeared in this case, and was not contractually required to retain liability insurance, the claims against the Government should not be dismissed because Pace "was an innocent business invitee." Sovereign immunity, however, is not waived merely because another party to the suit has failed to appear, and the United States cannot be held liable on the theory it has a nondelegable duty to maintain safe premises.  See Norman, 111 F.3d at 358.

Carter v. United States, No. 96-9139, 1998 U.S. Dist. LEXIS
16758, at *6 (S.D.N.Y. Oct. 26, 1998) (finding the government,
although reserving the right to inspect or reject work performed
by the contractor, did not retain control over execution); see
also Ryan, 233 F.Supp.2d at 677 (noting the government's right to
inspect the work of a contractor does not impose FTCA liability
on the government); Puryear v. United States, No. 87-4086, 1989
U.S. Dist. LEXIS 251, at *3 (D.N.J. Jan. 12, 1989) (same).

Providing the contractor with particular supplies and
equipment to use in its services, moreover, shows only that the
Government decided to select and bear the cost of such supplies.
See Brooks v. A.R.&S. Enter., 622 F.2d 8, 11 (1st Cir. 1980)
("The United States may supply vehicles and other property to its
contractors without exposing itself to liability under the
FTCA."); Morgan v. Hardeman County, Tenn., No 01-1043, 2002 WL
1397256, at *10 (W.D. Tenn. Feb. 12, 2002) ("[C]ontractor's use
of government-owned property does not, by itself, transform that
contractor into an agent of the government.").

Plaintiffs further note that the contract includes daily,
weekly, monthly, and semi-annual cleaning suggestions for LCS.
(Pl. Br., at 5.)  This provision, however, contains only
"recommendations" that give LCS a broad time range for work to be
performed "at the contractor's discretion."  (Decl., Ex 1.)
Rather than showing that LCS employees are employees of the

Government, this provision adds additional support to the Government's contention that it did not control the day-to-day operations of the cleaning service.[5]

There has been no showing to suggest the Government retained control over LCS's day-to-day services.  Accordingly, the Court finds LCS is an independent contractor, and that there is no subject matter jurisdiction.  The Court will grant the motion to the extent it seeks dismissal of the complaint insofar as asserted against the Government.

### III. Additional Defendants

The Court declines to exercise jurisdiction over the remainder of the action, consisting of claims against LCS and Otarola.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999).  The complaint insofar as asserted against them will be dismissed, without prejudice, and may be reinstated in state court within 30 days.

### CONCLUSION

The Court will (1) grant the part of the motion seeking 12(b)(1) relief and dismiss the complaint insofar as asserted against the Government, and (2) dismiss the complaint insofar as

---

[5]  Plaintiffs offer no support for the speculation that there was "no negotiated change" to the apparent form contract listing these recommendations, and that "[n]one were probably permitted."  (Pl. Br., at 5.)  This small portion of the contract does not demonstrate uneven strength on the part of the Government or that any measure of Government control over the daily operations existed.

10

asserted against the remaining defendants, without prejudice,

with leave to recommence the action insofar as it is brought

against the remaining defendants in state court within 30 days.

The Court will issue an appropriate order and judgment.


                                                             s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:    October 9, 2008